I. A. KIRK, RECEIVER, APPELLANT, V. CITY NATIONAL BANK OF LINCOLN, APPELLEE.

FILED APRIL 30, 1931. No. 27683.

*Charles E. Matson* and *C. M. Skiles*, for appellant.

*Perry, Van Pelt & Marti, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PER CURIAM.

Plaintiff appealed because the district court directed a verdict for defendant. The petition contained two causes of action. In the first cause it was alleged that, on or about November 5, 1926, Len J. Davis, vice-president and general manager of the Citizens State Bank of Geneva, appropriated $4,000 of the money, funds and credits of the bank and paid it without authority to defendant. The second cause of action alleges that, on or about November 15, 1926, the same party likewise appropriated $2,505.66 for the same purposes. The petition sets up in both causes of action that, on November 5, 1926, one J. A. Davis was indebted to defendant bank in the sum of $9,000 on a promissory note dated October 4, 1926, bearing 8 per cent. interest, made by Davis to Citizens State Bank, indorsed without recourse by that bank by Len J. Davis personally; that plaintiff bank was not obligated to pay the note, but Len J. Davis was personally obligated, and that defendant bank and its officers knew, or by the exercise of reasonable care, caution, diligence and inquiry should have known, the sums so received by it as aforesaid, and applied on

said note, were the moneys and property of plaintiff bank.

Defendant bank answered that some time prior to the 21st of February, 1921, the managing officers of plaintiff bank orally requested the defendant bank to advance and loan money to plaintiff bank in order to enable the latter to secure money at low rates of interest and thereby further its banking business; that until late in December, 1926, defendant bank was continuously the creditor of plaintiff bank under such oral arrangement, by which, instead of plaintiff executing its own notes to evidence its indebtedness to defendant bank, a ledger account was kept by defendant bank on which ledger account were entered the bills payable as forwarded by plaintiff bank under the agreement, and when said items matured the same were, at the request of plaintiff bank, charged to it and returned to the bank. The answer alleged that, when the original notes of J. A. Davis were received by defendant bank on or about November 9, 1923, plaintiff bank thereby became, and at all times thereafter remained, the real debtor of defendant bank; that defendant bank dealt with no other person than plaintiff bank in the transaction and permitted plaintiff bank to retain the difference between the 8 per cent. expressed in the note and 6 per cent. interest, which was agreed upon between plaintiff bank and defendant bank; that the form in which the notes of J. A. Davis and other parties whose notes were taken pursuant to the oral contract were executed and indorsed was for the convenience of plaintiff bank to assist it in maintaining its credit, and was not intended in any way to relieve plaintiff bank from its obligation to repay the money so borrowed from defendant bank; that by reason of this practice, which was acted on under said oral agreement through the years named, the plaintiff bank collected and retained said excess interest of 2 per cent. per annum on the notes of its customers so pledged to defendant bank, aggregating a total sum in excess of $10,000, and thereby induced defendant bank to change its situation to its injury and so estopped plaintiff bank to deny that it was the principal debtor in relation to the $9,000 note.

The evidence clearly shows, in substance and effect, that the arrangement was as pleaded by the defendant bank, that it never had any direct dealings with J. A. Davis, maker of the note, that the sums so paid, as shown in the petition, were derived from property owned by plaintiff bank, that the oral agreement was made between the parties as alleged, and through the years of dealing under the oral contract between the parties all notes taken by defendant bank under this arrangement were discounted and handled so there could be no other conclusion than that they were merely taken as a pledge or collateral for the oral agreement and plaintiff bank received the difference between the contract rate in the notes and the discount rate.

There was no evidence submitted to the jury to indicate that there was any conspiracy between either J. A. Davis, maker of the note, or Len J. Davis, officer of the bank, or both of them, on the one hand, and defendant bank on the other, or any of its officers, to defraud plaintiff bank in relation to this note or this plan of dealing. So far as defendant bank is concerned, it was purely a banking transaction by which in good faith it loaned money to plaintiff bank.

It is argued by plaintiff that J. A. Davis was, at the time the particular $9,000 note in question was made, or at least at the time the payments were made on it, an employee of plaintiff bank, and could not, directly or indirectly, under our statute, borrow any money of plaintiff bank. The officers of defendant bank were not informed that J. A. Davis had become an employee of the bank, unless they were charged with notice thereof by reason of the fact that his name and signature had been put on a signature card delivered to defendant bank and for some time beginning in the summer of 1926 he had signed drafts or cashier checks, shown in the evidence, drawn by plaintiff bank on defendant bank. While this authority to draw drafts and cashier checks for plaintiff bank on defendant bank may have been known to the tellers and clerks of defendant bank, the officers did not know of it.

However, even assuming the officers of defendant bank knew that J. A. Davis was an employee or even an officer of plaintiff bank, we can see no reason why such maker of a note might not lend his credit to plaintiff bank for the purpose of raising funds or helping out the credit of the plaintiff bank. Moreover, there was no evidence before the trial court to indicate that J. A. Davis was insolvent or that he was not amply able to pay his note.

We are of the opinion the district court did not err in directing a verdict for defendant bank. The judgment is therefore

AFFIRMED.